**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rolando Nunez Villa, a minor, by his mother, Herenia Villa Torres, </br>   Plaintiff, </br>vs. </br>Brass Eagle, LLC, et al., </br>   Defendants. | No. CV-06-0870-PHX-FJM </br>**ORDER** |

The court has before it plaintiff's "Motion for Leave to File a Second Amended Complaint" (doc. 39) and its lodged version of the second amended complaint (doc. 40). Defendants did not oppose the motion, and the time for filing a responsive memorandum has passed. For the reasons stated below, we deny plaintiff's motion.[1]

A scheduling order entered pursuant to Rule 16(b), Fed. R. Civ. P., gives district courts the authority to establish a pretrial schedule that sets, among other things, the cut-off date for pleading amendments. Once a Rule 16 timetable is established, Rule 16 standards, and not the more liberal standards of Rule 15, Fed. R. Civ. P., control. See Johnson v.

---

[1] Although we *may* deem defendants' failure to file a responsive memorandum as a consent to the granting of the motion, we are not required to do so. See LRCiv 7.2(i).

Mammoth Recreations, Inc., 975 F.2d 604, 607-608 (9th Cir. 1992).[2]

A party may not move for an extension of a pretrial schedule deadline after the original cut-off date in question has passed; rather, it must request a modification of the pretrial schedule prior to the applicable cut-off date. See U.S. Dominator, Inc., v. Factory Ship Robert E. Resoff, 768 F.2d 1099, 1104 (9th Cir. 1985), superseded by statute on other grounds as recognized in Simpson v. Lear Astronics Corp., 77 F.3d 1170, 1174 (9th Cir. 1996). "[A] court may deny as untimely a motion filed after the scheduling order cut-off date where no request to modify the order has been made." Johnson, 975 F.2d at 608 (citing U.S. Dominator, Inc., 768 F.2d at 1104). In this case, our Rule 16 Scheduling Order ("Order") (doc. 25) set October 1, 2006 as the deadline for motions to amend, Order at 2, and stated that each scheduling order deadline would be "strictly enforced," id. at 1. Plaintiff never requested a modification of this order. Instead, its motion to amend comes over three months after the amendment cut-off date. Therefore, we deny plaintiff's motion as untimely.

We would reach the same conclusion even if we alternatively treated plaintiff's motion as a *de facto* motion to modify the scheduling order. See Johnson, 975 F.2d at 609. Scheduling orders that precede the final pretrial conference "shall not be modified except upon a showing of good cause and by leave of the district judge." Rule 16(b), Fed. R. Civ. P. A court may deny a motion to amend a scheduling order where the moving party fails to demonstrate diligence in complying with the order and fails to show good cause for the modification. See Zivkovic v. So. Ca. Edison Co., 302 F.3d 1080, 1087-88 (9th Cir. 2002). Once good cause is shown for purposes of Rule 16(b), the moving party must also demonstrate that amendment would be proper under Rule 15. See id. at 608.

Plaintiff does not argue that good cause exists for us to alter our scheduling order. Rather, it contends that Arizona law and "the evidence to be presented" justify adding a punitive damages claim to the complaint, and that the exhibits attached to the motion provide

---

[2] Rule 15 provides that after a responsive pleading has been served, "leave shall be freely given when justice so requires." Rule 15(a), Fed. R. Civ. P.

1  proof of the added claim's viability.  See Motion to Dismiss at 1, 2-3.  Those documents are
2  items of correspondence dated January 31, 2006, and November 15, 2005, see id., Exhibits
3  1- 2, and plaintiff does not suggest that it learned of the existence of these documents after
4  the amendment deadline had passed.  In fact, we are presented with no argument that would
5  allow us to infer that the facts made relevant by the exhibits were discovered after the
6  amendment deadline.  Additionally, plaintiff's motion includes no account of an attempt to
7  meet our amendment deadline, nor any argument that would allow us to conclude that
8  plaintiff acted diligently.

9       For these reasons, we find that plaintiff has failed to demonstrate the diligence and
10 good cause necessary for us to deviate from our Rule 16 schedule, and we deny plaintiff's
11 motion on this alternative ground.  Having concluded that plaintiff failed to meet its burden
12 under Rule 16's good cause standard, we need not discuss its ability to conform to Rule 15.

13 **THEREFORE, IT IS ORDERED DENYING** plaintiff's motion to file a second
14 amended complaint (doc. 39).

15      DATED this 6th day of February, 2007.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge